UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                          Case No. 26-11081-CLC

JESSICA HERNANDEZ NODA                                          Chapter 7

    Debtor.

_____/

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND
SETTLEMENT REGARDING VALUATION AND
REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS**

**Any interested party who fails to file and serve a written
response to this motion within <u>21 days</u> after the date of service
stated in this motion shall, pursuant to Local Rule 9013-1(D), be
deemed to have consented to the entry of an order in the form
attached to this motion.  Any scheduled hearing may then be
canceled.**

**COMES NOW**, Maria M. Yip, the Chapter 7 Trustee ("Trustee") of the Bankruptcy Estate
of Jessica Hernandez Noda (the "Debtor"), moves (the "Motion"), pursuant to Federal Bankruptcy
Rule 9019, and Local Rules 9013-1(D), to approve the Stipulation for Compromise and Settlement
Regarding Valuation and Repurchase of Debtor's Non-Exempt Assets (the "Stipulation") entered
into by and between the Trustee and the Debtor.  In support of the Motion, the Trustee states as
follows:

**Background and Jurisdiction**

1.    On January 28, 2026 (the "Petition Date"), the Debtor filed a voluntary petition
under Chapter 7 of the United States Bankruptcy Code.  Maria M. Yip was appointed as Chapter
7 Trustee.

2.    The Trustee has evaluated the Debtor's property valuations and claimed
exemptions and determined that the resolution agreed upon with the Debtor is in the best interests
of the Estate.  The details of the analysis and agreement are set forth in the Stipulation, attached
hereto as Exhibit "A".

1

3.      The Stipulation provides for repurchase of certain of the Debtor's non-exempt assets, (the "Settlement").

4.      Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtor's non-exempt property and resolution of the other matters set forth in the Stipulation.

5.      The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

**<u>Legal Standard for Settlement</u>**

6.      Bankruptcy Rule 9019(a) provides: "On motion….and after a hearing on notice to creditors, the Debtor…. and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.      As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988)(Cristol, J.)(citing *Rivercity v. Herpel* (*in re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.*) 762F.2d 185, 189 (2nd Cir. 1985); *In re Prudence Co.*, 98 F.2d 599 (2d Cir. 1938), cert denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

8.      The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Roddman (in re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert denied, 464 U.S. 822 (1983)). According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

(a)      The probability of success in litigation;
(b)      The difficulties, if any, to be encountered in the matter of collection;
(c)      The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for the Southern District of Florida permits, <u>inter alia</u>, relief without a hearing for motions to approve settlement.

(d)    The paramount interest of the creditors and a proper defense to their reasonable views in the premises.

*Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 12544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

9.    The Trustee believes that the proposed settlement meets the standards set forth in *In re Jackson Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

10.    Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B".

**WHEREFORE**, Maria M. Yip, as Chapter 7 Trustee of the Bankruptcy Estate of Jessica Hernandez Noda, respectfully requests this Court enter an Order (1) granting the Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be served to all parties on the attached service list and was served by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case on May 22, 2026:

Jose A Blanco on behalf of Debtor Jessica Hernandez Noda
eservice@blancopa.com, Blanco.JoseA.R105197@notify.bestcase.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

By:    ***/s/ Maria M. Yip, Trustee***
         Maria M. Yip, Trustee
         9200 S. Dadeland Blvd., Suite 316
         Miami, FL 33156
         Phone: (305) 908-1862
         Email: trustee@yipcpa.com

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                         :      CASE NO. 26-11081-CLC

                             :

JESSICA HERNANDEZ NODA       :      CHAPTER 7

                             :

      Debtor.                   :

_____/

## STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTORS' NON EXEMPT ASSETS

This Stipulation is entered into between Maria M. Yip ("the Trustee"), Jessica Hernandez Noda ("the Debtor"), on April 14, 2026.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 28, 2026;

WHEREAS, Maria M. Yip is the duly appointed Chapter 7 Trustee;

WHEREAS, on Schedules A and B, the Debtors listed the following assets: 8800 NW 32nd CT, Miami, FL 33147, Household Goods, Electronics, Clothing, Jewelry, Dog, Cash, American Airlines CU x1749, JP Morgan Chase x8810, Larkin Community Hospital 401(k), and Estimated 2025 income tax refund;

WHEREAS, the items listed above shall be referred to collectively henceforth as the "Property;"

WHEREAS, the Debtor has claimed a portion of the Property as exempt;

WHEREAS, the Trustee contends that the value of the Property exceeds the allowed exemptions;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

1

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1.    The Debtor will pay the Trustee a total of $6,300.00 (the "Settlement Amount"). The Settlement Amount shall be paid in a lump sum in the amount of $6,300.00 to be made on or before May 15, 2026.

2.    The payment(s) will be by cashier's check(s) or money order(s) made payable to the order of **Maria M. Yip, Trustee** and mailed to the Trustee's office at: **9200 S. Dadeland Blvd., Suite 316, Miami, FL 33156**.  The cashier's check or money order should clearly state **the NAME of the Debtor and the CASE NUMBER.**

3.    The Debtor asserts that they are able to make the monthly payments pursuant to the terms of this Stipulation.

4.    As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to the Claimed Exemptions and/or Discharge to ensure that this Settlement is approved before such deadlines expire.

5.    As part of this Settlement, the Debtor represents and warrant that: (1) all information contained in the Debtors' Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), is true and correct and (4) the Documents contain no misrepresentations or omissions.  To the extent that the Debtor has failed to disclose any assets,

2

this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6. If the Debtor complies with all the terms of this Stipulation, the Debtor will keep all the real and personal property listed on the Bankruptcy Schedules unless it was the Debtor's intent to surrender such property.

7. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

8. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

9. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

10. This Stipulation resolves all issues between the Trustee and the Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11. If the Debtor fails to timely make the payments described in paragraph 1, then after ten (10) days written notice e-mailed to Debtor's counsel and a continued failure to make a payment, the Trustee would be entitled to file a motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge.

12. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee shall file with the Court a Statement of Failure to Comply and may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee

3

shall be entitled to interest, which shall accrue at an annual rate of 5%, plus attorneys' fees and costs.

13.   This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought.  A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

14.   Whereas, any issues pertaining to any form of transfers as to any third parties are also resolved by this stipulation including any potential claims against any third parties; and

15.   Whereas, any issues as to any discharge or discharge ability of any claims pertaining to this debtor are further resolved by this stipulation.

16.   The Trustee has accepted this settlement subject to this Court's approval.

17.   All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

18.   Time is of the essence as to all deadlines within this stipulation.

19.   This agreement represents the full and complete understanding of the parties.

20.   The Trustee believes that this agreement is in the best interest of the estate.

21.   This agreement may be signed in counterparts.

22.   The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

4

X _____  → 5/21/26
JESSICA HERNANDEZ NODA                    DATE
DEBTOR

_____  5/21/26
JOSE A BLANCO                             DATE
DEBTOR'S ATTORNEY

_____  5/21/2026
MARIA M. YIP                              DATE
TRUSTEE

5

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                        Case No. 26-11081-CLC

JESSICA HERNANDEZ NODA                          Chapter 7 Proceeding

    Debtor(s).

_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR
COMPROMISE AND SETTLEMENT REGARDING VALUATION AND
REPURCHASE OF DEBTOR'S NON-EXEMPT ASSETS**

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve

Stipulation to Compromise Controversy [D.E. # ___] (the "***Motion***").  The Motion has been served

on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and

the Local Rules of this Court (on Negative Notice).  By submitting this form of order, and the

Trustee having represented that the motion was served on all parties required by Local Rule 9013-

1

1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, and the Court, having reviewed the file, the Motion, the Stipulation attached as Exhibit "A" to the Motion, and record herein, good cause having been shown, and being otherwise duly advised in the premises, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the settlement is **APPROVED** on the terms and conditions set forth in the Motion and the Stipulation to Compromise attached as Exhibit "A" to the Motion (the "Stipulation").
2. The settlement proceeds of $6,300.00 are allocated as follows: $4,800 to the 2025 Tax Refund and $1,500 to Household Goods.
3. The Court retains jurisdiction to enforce the terms of the settlement.

###

**Submitted by:**
Maria M. Yip, Trustee
9200 S. Dadeland Blvd.
Suite 316
Miami, FL 33156
Phone:  (305) 908-1862
trustee@yipcpa.com

**Copies Furnished to:**
Maria M. Yip, Trustee

*Trustee Maria M. Yip is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.*

2

Label Matrix for local noticing
113C-1
Case 26-11081-CLC
Southern District of Florida
Miami
Fri May 22 15:18:34 EDT 2026

(p)AMERICAN AIRLINES FEDERAL CREDIT UNION
P O BOX 619001
MD 2100
DFW AIRPORT TX 75261-9001

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Amex
American Express Customer Service, Attn:
P.O. Box 981535
El Paso, TX 79998-1535

Amex
CorrespondenceBankruptcy
Po Box 981535
El Paso, TX 79998-1535

Capital One
AttN: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Chase Card Services
Attn: Bankruptcy
Po Box 15299
Wilmington, DE 19850-5299

Chase Mortgage
Attn: Legal Correspondence Center
700 Kansas Ln Mail Code La4-7200
Monroe, LA 71203-4774

Chex Systems, Inc.
ATTN: Bankruptcy Department
PO Box 583399
Minneapolis, MN 55458-3399

Child Support Enforcement
PO Box 8030
Tallahassee, FL 32314-8030

Citibank N.A.
Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD  57108-5027

Comenity Bank/Buckle
Attn: Bankruptcy
P.O.Box 182273
Columbus, OH 43218-2273

Consumer Portfolio Services, Inc.
Attn: Bankruptcy
Po Box 57071
Irvine, CA 92619-7071

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

(p)EQUIFAX  INC
1550 Peachtree Street NE
Atlanta, GA 30309

Experian
Attn: Bankruptcy Dept.
P.O. Box 2002
Allen, TX 75013-2002

Florida Department Of Revenue
5050 W Tennessee St
Tallahassee, FL 32399-0110

Guaranteed Rate
Attn: Bankruptcy
3940 N. Ravenswood
Chicago, IL 60613-2420

(p)U S  ATTORNEY'S OFFICE
99 NE 4TH STREET SUITE 300
MIAMI FL 33132-2131

Honorable Merrick Garland
Attorney General
Dept of Justice #4400
950 Pennsylvania Ave NW
Washington, DC 20530-0009

IRS Centralized Bankruptcy Department
PO Box 7346
Philadelphia, PA 19101-7346

JPMorgan Chase Bank, N.A.
s/b/m/t Chase Bank USA, N.A.
Robertson, Anschutz, Schneid,
Crane & Partners, PLLC
6409 Congress Avenue, Suite 100
Boca Raton, FL 33487-2853

MAYKEL MARTINEZ GONZALEZ
8800 NW 32 Ct
Miami, FL 33147-3712

(p)DSNB MACY S
CITIBANK
1000 TECHNOLOGY DRIVE MS 777
O FALLON MO 63368-2239

Midland Credit Management, Inc.
PO Box 2037
Warren, MI 48090-2037

Midland Credit Mgmt
Attn: Bankruptcy
Po Box 939069
San Diego, CA 92193-9069

NMAC
Attn: Bankruptcy
Po Box 660360
Dallas, TX 75266-0360

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Small Business Administration
14925 Kingsport Road
Fort Worth, TX 76155-2243

Small Business Administration
409 3rd St., SW
Washington, DC 20416-0002

Small Business Administration
PO Box 3918
Portland, OR 97208-3918

(p)SOUTH BROWARD HOSPITAL DISTRICT
ATTN D/B/A MEMORIAL HEALTHCARE SYSTEM
3111 STIRLING RD
C/O LEGAL DEPARTMENT
HOLLYWOOD FL 33312-6566

Syncb/Rooms To Go
Attn: Bankruptcy
Po Box 965065
Orlando, FL 32896-5065

Transunion
Attn: Bankruptcy Dept.
P.O. Box 2000
Chester, PA 19016-2000

U.S. Small Business Administration/CESC
P.O. Box 156059
Fort Worth, TX 76155-2243

Jessica Hernandez Noda
8800 NW 32nd CT
Miami, FL 33147-3712

Jose A Blanco
Jose A. Blanco, P.A.
102 E 49th ST
Hialeah, FL 33013-1853

Maria Yip
9200 S. Dadeland Blvd.
Ste 316
Miami, FL 33156-2711

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

American Airlines FCU
Attn: Bankruptcy
P.O. Box 619001 Md 2100
Dfw Airport, TX 75261

Department of the Treasury
PO Box 21126
Philadelphia, PA 19114

Equifax
Attn: Bankruptcy Dept.
P.O. Box 740241
Atlanta, GA 30374

Honorable Markenzy Lapointe
US Attorney for Southern District
99 NE 4 St
Miami, FL 33132

Macy's/ DSNB
Attn: Bankruptcy
9111 Duke Boulevard
Mason, OH 45040

South Broward Hospital District
3111 Stirling Road
Fort Lauderdale, FL 33312

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami

End of Label Matrix
Mailable recipients    37
Bypassed recipients     1
Total                  38